IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KENNETH WHITE                                                                                           PETITIONER

v.                                    Case No. 4:16-cv-4067

WENDY KELLY, Director,                                                                            RESPONDENT
Arkansas Department of Correction

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, Kenneth White ("White"), an inmate confined in the Arkansas Department of Correction, Barbara Ester Unit, Pine Bluff, Arkansas, filed a Petition for Writ of a *Habeas Corpus* pursuant to 28 U.S.C. § 2254.  ECF No. 1.  The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.  The Respondent, Director Wendy Kelly, filed a Motion to Dismiss on August 17, 2015.  ECF No. 9.  For the reasons set forth below the Petition should be dismissed.

**A.  Background**:

Petitioner is in Respondent's custody serving concurrent sentences totaling sixty (60) months for second-degree battery, aggravated assault, and first-degree terroristic threatening. White filed the instant Petition, pursuant to § 2254, on July 7, 2016.[1]  ECF No. 1.  In this Petition he alleges he "was in Miller County Jail on a Parole Violation.  On 9-28-2015, Lee Ann Jones (Parole Officer) came to the Jail and had me sign my reinstatement parole paper.  I stayed incarcerated for 63 extra days, after I signed my reinstatement paper work.  At that time, I had no

---

[1] Plaintiff also filed a Supplemental Petition on August 16, 2016 (ECF No.8) and four supplements to his Petition (ECF Nos. 10, 14, 16 and 19).

charges or probable cause to hold me wrongful incarcerated. What legal justification was I sent back to prison, after I was reinstated." ECF No. 1 at 16.

On August 17, 2016, Respondent filed a Motion to Dismiss arguing White has no federally protected right to be released on parole and, consequently, his petition should be denied because it does not present a cognizable federal claim. According to Respondent, White was previously granted parole on these sentences, but his parole was revoked in early 2015 because he had absconded. ECF No. 9-1. On September 14, 2015, the Arkansas Parole Board agreed to reverse its revocation decision subject to receipt of a suitable parole residence plan from White. ECF No. 1 at 17. Respondent states that White's parole reversal did not take effect because he did not submit a suitable parole residence plan by the requisite deadline. ECF No. 9-1.

**B. Discussion**:

Respondent concedes White's Petition is timely under 28 U.S.C. § 2244(d)(1) and is not a second or successive petition governed by 28 U.S.C. § 2244(b). ECF No. 9-1. Therefore, the only issue before the Court is whether the Petition states a cognizable claim for *habeas corpus* relief. "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir. 1984).

A writ of *habeas corpus* may be issued by a federal court only for a violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2242(c), § 2254(a). A convicted person has no federal constitutional or inherent right to be released on parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). Although a state may create a liberty interest in parole that is protectable under the Fourteenth Amendment, *e.g., id.* at 12, the Eighth Circuit has consistently held that Arkansas law does not establish a right to release on parole

that would invoke due process protection. *Pittman v. Gaines,* 905 F.2d 199, 201 (8th Cir. 1990); *see Hamilton v. Brownlee,* 237 F. App'x 114, 115 (8th Cir. 2007) (per curiam) (Arkansas parole statutes do not create protectable liberty interest in discretionary parole decisions, and inmate had "no constitutionally protected liberty interest in the possibility" of parole even when board rescinded "an initially favorable parole decision").

White's Petition does not specifically allege he has a right to parole based on an Arkansas statute. Instead, he seems to allege he has a contractual right to parole based on the Parole Board's decision to rescind its parole revocation decision. ECF No. 1 at 5, 14 (stating he was "reinstated prior to a parole violation on 9-14-20 and seeking a dismissal of charges and release "on the grounds of breach of parole contract"). While it is possible that a binding contractual agreement can create a protectable liberty interest, *see Connecticut Bd. Of Pardons v. Dumschat,* 452 U.S. 458, 467 (1981) (Brennan, J., concurring), White has not set forth any facts demonstrating he had a valid contractual right to be released on parole. In fact, White's Petition includes correspondence from the Arkansas Department of Correction which clearly states the Arkansas Parole Board's decision on September 14, 2015, to rescind his parole revocation was conditioned on his submission of a suitable parole plan. ECF No. 1 at 17. Because White's parole plan was denied his parole revocation was not rescinded and he was not released. *Id.*

## C. Conclusion:

White has no federally protected right to be released on parole and the record is clear he had no contractual right to parole. Therefore, his Petition should be denied because it fails to state a constitutional claim under 28 U.S.C. § 2241(c) or § 2254(a).

## D. Recommendation:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied and dismissed with prejudice.  **I further recommend no Certificate of Appealability issue in this matter.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **1st day of February 2017.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE