IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KENNETH WHITE                                                                                            PETITIONER

v.                                              Case No. 4:16-cv-4067

WENDY KELLEY, Director,
Arkansas Department of Correction                                                                RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed January 19, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 23). Petitioner Kenneth White filed objections to the Report and Recommendation. (ECF No. 26). The Court finds the matter ripe for consideration.

On July 7, 2016, Petitioner filed the present petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The record shows that Petitioner was on parole, which was revoked in early 2015. On September 14, 2015, the Arkansas Parole Board agreed to reverse its revocation decision, contingent on, among other things, receipt of a suitable parole residence plan from Petitioner. Petitioner alleges that on September 28, 2015, while he was still in Miller County Jail for the parole violation, he signed parole reinstatement papers, at which point he became a parolee again. Petitioner asserts that he has remained incarcerated since that time, and argues that his continuing incarceration violates his constitutional rights.

Judge Bryant recommends that Respondent's Motion to Dismiss (ECF No. 9) be granted and that Petitioner's petition be denied and dismissed with prejudice because Petitioner fails to state a constitutional claim under 28 U.S.C. § 2241(c) or § 2254(a). Specifically, Judge Bryant recommends that Arkansas law does not create protectable liberty interests in discretionary parole decisions. Judge Bryant recommends further that although a binding contractual agreement can create a

protectable liberty interest, Petitioner has not demonstrated that he had a valid contractual right to be released on parole. Judge Bryant reasoned that the rescission of Petitioner's parole revocation was conditioned upon submission of a suitable parole plan, and Petitioner's parole plan was denied.

Petitioner's objections are largely unresponsive to the Report and Recommendation. He repeats his argument that he became a parolee at the moment he signed his parole reinstatement papers. Without providing supporting authority, he argues that conditional parole reversal cannot happen, and that once parole status is granted, it cannot be revoked unless the parolee commits a crime. Petitioner also devotes a substantial portion of his objections to arguing that Arkansas prisons are overcrowded, and that the state will save money if he is released.

The Court is unpersuaded by Petitioner's objections. The record shows that on September 14, 2015, the Arkansas Parole Board agreed to reverse its revocation of Petitioner's parole, subject to approval of a residence plan submitted by Petitioner. The record shows further that Petitioner submitted a residence plan, which was rejected. The fact that Petitioner signed the parole reinstatement papers on September 28, 2015 did not alter the condition that he was required to submit a residence plan that is approved by the parole board before he could be released. The record shows that Petitioner did not submit a suitable plan, and thus he was not released. Therefore, the Court agrees with the Report and Recommendation that Petitioner fails to state a constitutional claim under 28 U.S.C. § 2241(c) or § 2254(a).

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court overrules Petitioner's objections and adopts the Report and Recommendation. (ECF No. 23). Petitioner's petition is hereby **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 15th day of March, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge