IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**KENNETH WHITE**                                                                         **PETITIONER**

**v.**                                      **Case No. 4:16-cv-04067**

**WENDY KELLY, Director,**                                                            **RESPONDENT**
**Arkansas Department of Corrections**

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**BEFORE** the Court is Petitioner's Motion for Certificate of Appealability.[1] ECF No. 28-29. This Motion has been referred to the undersigned for decision by United States District Judge Susan O. Hickey, pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. As discussed below I recommend this Motion be denied.

A *habeas* petitioner may not appeal a final order in a proceeding under 28 U.S.C. § 2254 without first securing a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A district court should not grant a certificate of appealability unless the movant "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2) This standard requires a demonstration that "jurists of reason could disagree with the district court's resolution of his constitutional claim or that jurists could conclude that issues presented are adequate to deserve encouragement to proceed further." *Miller-el v. Cockrell*, 537 U.S. 322, 327 (2003). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong."

---

[1] Petitioner actually sent a letter to the Clerk indicating he wished to appeal the dismissal of his case. This letter was dated April 12, 2017, and is construed as a Motion for Certificate of Appealability.

*Miller-el*, 537 U.S. at 338. Any Certificate of Appealability issued by the Court must state "which specific issue or issues satisfy the showing required by paragraph (2)." 28 U.S.C. § 2253(c)(3).

The undersigned entered a Report and Recommendation (R & R) on February 1, 2017, which recommended dismissal of the Petition as Petitioner had no federally protected right to state parole. ECF No. 23. The RR was adopted by this Court in its entirety on March 15, 2017. ECF No. 27. Plaintiff then filed the instant Motion for Certificate of Appealability.

As noted in the R & R, Petitioner has not made a substantial showing of violation of a constitutional right. Accordingly, his Motion for Certificate of Appealability (ECF No. 28-29) should be denied.

**IT IS RECOMMENDED** the Court **DENY** the Motion for Certificate of Appealability (ECF No. 28-29).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** See *Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **17th day of April 2017.**

                                            /s/ Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            U.S. MAGISTRATE JUDGE